UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GLENN WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:13-CV-2009 (CEJ) |
| | ) |
| CENTRAL TRANSPORT INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss for failure to state a claim for relief, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition and the issues are fully briefed.

### I. Background

On October 9, 2013, plaintiff filed this action on behalf of himself and others similarly situated, alleging that defendant wilfully violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, by maintaining improper overtime policies and record keeping practices. Plaintiff alleges that defendant had a uniform policy of providing overtime compensation for hours worked in excess of fifty-five hours per week, instead of the required forty hours per week, and that its electronic timekeeping system did not record all hours actually worked.

According to the complaint, plaintiff worked as a "spotter," which involved "loading and unloading trailers parked at the loading dock;" "moving palates [sic] of various types of goods around the loading dock;" "moving empty trailers from the unloading side of the dock to the loading side of the dock using a spotter truck;" and

"moving loaded trailers within [d]efendant's fenced yard using a spotter truck." [Doc. #1, at ¶ 15]. Plaintiff alleges that the spotter truck was only used within the fenced and gated confines of defendant's yard and not on public roadways. Id. at ¶ 16.

In the instant motion, defendant argues that the complaint should be dismissed for two reasons: (1) the overtime compensation requirement under the FLSA does not apply to plaintiff; and (2) plaintiff failed to plead any factual allegations showing that he worked over forty hours in any given week. Defendant further argues that, in the event that the FLSA claim is not dismissed, plaintiff's claim should be limited to a two years statute of limitations because plaintiff failed to adequately plead that the alleged violations were wilful.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell

Atlantic Corp., 550 U.S. at 570.  See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.")  "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

### III. Discussion

#### A. FLSA Exemption

The FLSA requires employers to pay employees "a rate not less than one and one-half times the regular rate at which he is employed" for all hours worked in excess of forty hours per week.  29 U.S.C. § 207(a)(1).  However, pursuant to Section 31502 of Motor Carrier Act (MCA), the FLSA's overtime provision does not apply to employees who "the Secretary of Transportation has power to establish qualifications and maximum hours of service[.]" 29 U.S.C. § 213(b)(1).

The MCA overtime exemption applies when: (1) an employer is under the jurisdiction of the Secretary of Transportation, (2) the employee is a driver, driver's helper, *loader* or mechanic, and (3) the "employee engages in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce."  Graham v. Town & Country Disposal of W. Missouri, Inc., 865 F. Supp. 2d 952, 956 (W.D. Mo. Sept. 20, 2011) (citing 29 C.F.R. §§ 782.2(a)-(b)(2)) (emphasis added).  "The employer bears the burden of proving the exemption applies, and the exemption is construed narrowly against it."  Id.

Defendant argues that because the complaint describes plaintiff's job duties as "loading and unloading trailers parked at the loading dock," plaintiff is within the MCA

3

exemption as a "loader" and not subject to the FLSA's overtime requirements. A "loader" is defined as an employee "whose duties include, among other things, the proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country." 29 C.F.R. § 782.5(a). Regardless of an employee's job title, an individual is considered a "loader" "so long as he has responsibility when such motor vehicles are being loaded, for exercising judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized." Id. "An employee who has no responsibility for the proper loading of a motor vehicle is not within the exemption as a 'loader' merely because he furnishes physical assistance when necessary in loading heavy pieces of freight." Graham, 865 F. Supp. 2d at 959 (citing 29 C.F.R. § 782.5(c)).

At this stage of the litigation, the Court is unable to definitely determine whether plaintiff qualifies as a "loader" for MCA exemption purposes. While the complaint does allege that one of plaintiff's job duties includes the loading of trailers, plaintiff does not present any allegations supporting the inference that he exercised judgment or discretion in planning and building a balanced load or placing the freight in such a manner that safety could be jeopardized. See 29 C.F.R. § 782.5(a). Thus, it is entirely plausible that plaintiff's role in loading trailers was limited to furnishing physical labor, which would not qualify him as a "loader" under the MCA exemption. The determination of whether plaintiff qualifies as a "loader" calls for a fact-based inquiry that is not appropriate in ruling on a motion to dismiss.

### B. Overtime Hours

Defendant further argues that the complaint should be dismissed because it lacks factual support showing that plaintiff actually worked more than forty hours in one week. Federal courts have "diverged somewhat on the question" of "the degree of specificity required to make a section 207(a)(1) FLSA overtime claim plausible." DeJesus v. HF Mgmt. Servs., 726 F.3d 85, 88 (2d Cir. 2013) (citations omitted). Some courts require "an approximation of the total number of uncompensated hours in a given workweek, see e.g., Nichols v. Mahoney, 608 F. Supp. 2d 526, 547 (S.D.N.Y. 2009), and others [do] not requir[e] any estimate of overtime, but simply an allegation that the plaintiff worked some amount in excess of forty hours, see e.g., Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662, 667-68 (D. Md. 2011)." Id.

For example, the Second Circuit has held that a plaintiff's allegation that she worked overtime in "some or all workweeks" was not enough to plead a plausible claim. See DeJesus, 726 F.3d at 90. The court reasoned that while plaintiff was not required to plead her hours with mathematical precision, the complaint must be dismissed because it simply "repeated the language" of the FLSA without "estimat[ing] her hours in any or all weeks or provid[ing] any other factual context or content." Id. at 89-90. In contrast, the Fourth and the Eleventh Circuits have held that alleging each element of a FLSA claim is enough. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005); Sec'y of Labor v. Labbe, 319 Fed. Appx. 761, 763-64 (11th Cir. 2008) (To properly plead a FLSA claim, all that is required is an allegation of a failure to pay overtime compensation to covered employees).

Because a viable complaint must only include "enough facts to state a claim to relief that is plausible on its face," this Court shall apply the less onerous degree of specificity followed by the Fourth and Eleventh Circuits. See Twombly., 550 U.S. at 570. Thus, the plaintiff here must simply allege enough facts showing that: (1) he was employed by defendant; (2) the work involved interstate activity; and (3) plaintiff performed work for which he was under-compensated. Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013) (citation omitted). The defendant does not contest that it employed plaintiff or that the work involved interstate activity. Thus, the sole inquiry is whether plaintiff sufficiently alleged that he performed work in excess of forty hours per week and was under-compensated for that work.

The complaint alleges that plaintiff began his employment with defendant in October 2012 as a "spotter" and that he and "all those similarly situated were subject to [d]efendant's uniform overtime policy, under which employees such as [p]laintiff were paid overtime at a rate of one-and-one-half the regular rate for hours worked in excess of fifty-five (55) hours or more during a single workweek." [Doc. #1, ¶ 18]. The complaint further alleges that when he "and those similarly situated were performing dock work, their time was recorded electronically through hand held scanners." Id. at ¶ 19. Plaintiff claims that they "would initially log into the scanner and would 'punch in' and begin the recording of their time for the day when the first palate or item was scanned," but that they "would be automatically logged out of the timekeeping system after fifteen (15) minutes if another item or palate had not been scanned," despite the fact that they continued to perform work related duties. Id. at

6

¶ 20-22. The complaint alleges that this timekeeping policy failed to record the total time worked. Id. at ¶ 22-23.

In order to determine whether plaintiff's complaint sufficiently alleges a FLSA claim, the Court finds Nicholson v. UTi Worldwide, Inc., 2010 WL 551551 (S.D. Ill. Feb. 12, 2010), and McDonald v. Kellogg Company, 2009 U.S. Dist. LEXIS 37365 (D. Kan Apr. 27, 2009), to be instructive. In Nicholson, the plaintiff alleged that the defendant employed a policy that required "plaintiff and similarly situated employees to perform work before their paid shifts without compensation" and "during unpaid lunch breaks." See Nicholson, Am. Compl., Doc. #6 at ¶¶ 12, 17. The complaint did not specifically state that plaintiff worked more than forty hours in one week. The court in Nicholson held that "[a]lthough [plaintiff] does not specifically allege he worked more than forty hours in one week, he alleges he worked 'overtime.' Viewing that allegation in [plaintiff's] favor and in the context of the pleading, the [c]ourt construes that to mean more than forty hours a week." Id. at *4. The court reasoned that "[t]he details of dates, times and allegedly unpaid overtime wages can—and indeed must, if [plaintiff] wants to prevail—be fleshed out later in the case. They need not, however, be pled in the complaint." Id.

Similarly, the plaintiffs in McDonald alleged that defendant had a policy and practice of failing and refusing to pay overtime pay to its hourly employees. See McDonald, Am. Compl., Doc. #14 at ¶ 21. The complaint did not specifically allege that the plaintiffs worked more than forty hours in one week. The court in McDonald found the complaint to be sufficient and held that an allegation that a defendant violated the FLSA through a policy or practice of refusing to pay employees the appropriate rate for

7

hours worked in excess of forty hours per week sets forth a plausible claim under the FLSA. Id. at *5.

In comparison, the complaint at issue here does not specifically allege that plaintiff worked more than forty hours in a given week. However, plaintiff does allege that he was "subject to defendant's overtime policy," under which he was "paid overtime at a rate of one-and-one-half the regular rate for hours worked in excess of fifty-five (55) hours or more during a single workweek." [Doc. #1, ¶ 18]. Thus, the Court finds that plaintiff's complaint raises a plausible inference that plaintiff worked at least one week over fifty-five hours and was not compensated for the full amount of overtime hours as required by the FLSA and as a result of defendant's unlawful policy.

### C. Wilfulness

Lastly, defendant argues that, in the event that plaintiff's FLSA claim is not dismissed, it should be limited to a two-year statute of limitations because plaintiff failed to adequately plead that the alleged violations were wilful.

29 U.S.C. § 255(a) provides that if an employer wilfully violates the FLSA, the statute of limitations is three years, but if the violation is not willful, the statute of limitations is two years. The Supreme Court has defined a "willful violation" as one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Show Co., 486 U.S. 128, 133 (1988). "Thus, 'wilfulness' is not a legal conclusion, but a factual state of mind. The Federal Rules specifically permit a person's 'condition of mind,' such

8

as '[m]alice, intent, [or] knowledge' to be 'averred generally.'" Damassia v. Duane Reade, Inc., 2005 WL 1214337, *2 (S.D.N.Y. May 20, 2005) (citing Fed.R.Civ.P. 9(b)).

The Court finds that plaintiff has provided enough factual detail to plead wilfulness. The complaint alleges the type of work plaintiff was required to do, that he was a non-exempt employee, that defendant had a uniform overtime policy under which non-exempt employees, such as himself, were not properly compensated for overtime hours, and that defendant's timekeeping policies failed to record the total amount of actual hours performed. [Doc. #1, ¶¶ 15-24]. Plaintiff further alleges that defendant's violations were willful, "meaning that [d]efendant knew or showed reckless disregard for whether its conduct violated the FLSA specific to Plaintiff and those similarly situated." [Doc. #1, ¶ 33]. These allegations are sufficient to "set forth a facially plausible claim that [d]efendants were at least aware of possible violations of the relevant overtime and record-keeping provisions of the FLSA." Garcia v. Tenafly Gourmet Farms, Inc., 2012 WL 715316, *2 (D.N.J. Mar. 5, 2012).

Whether plaintiff will actually be able to prove that defendant willfully violated the FLSA is a "matter [that] contains questions of fact, and at this pleading stage prior to discovery the motion to dismiss is premature." Craven v. Excel Staffing Service, Inc., 2014 WL 345682, *8 (S.D. Tex. Jan. 30, 2013); Littlefield v. Dealer Warranty Servs., LLC, 679 F. Supp. 2d 1014, 1019 (E.D. Mo. Jan. 15, 2010) ("Whether a violation is willful is an issue of fact, often addressed during summary judgment or at trial.") (citing Houston v. URS Corp., 591 F. Supp. 2d 827, 835 (E.D. Va. Dec. 17, 2008)).

* * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that motion to dismiss filed by defendants for failure to state a claim for relief, pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. #11] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of April, 2014.