UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENN WILLIAMS, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 4:13-CV-2009 (CEJ) |
| CENTRAL TRANSPORT INTERNATIONAL, INC., ) ) ) ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motions to disqualify plaintiff's counsel and to strike plaintiff's declaration. Plaintiff has filed a response in opposition, and the issues are fully briefed.

**I.    Background**

On October 9, 2013, plaintiff Glenn Williams filed this action on behalf of himself and others similarly situated, claiming that defendant Central Transport International, Inc., willfully violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, by maintaining improper overtime policies and record keeping practices. Plaintiff alleges that defendant had a uniform policy of providing overtime compensation for hours worked in excess of fifty-five hours per week, instead of the required forty hours per week, and that its electronic timekeeping system did not record all hours actually worked. Plaintiff seeks to recover unpaid overtime wages, liquidated damages, costs and attorney's fees.

On November 27, 2013, plaintiff filed an action against defendant and Bill Kincaid in the Circuit Court for the City of St. Louis, Missouri based on the same underlying facts as in the federal lawsuit, but asserting different legal claims, including:  (1) violation of the Missouri wage and hour laws for failure to calculate wages at the requisite overtime rate; (2) breach of contract based on failure to compensate employees for all hours worked; (3)

1

unjust enrichment by retaining the benefits of uncompensated work by employees; and (4) injunctive relief. Williams v. Central Transport Int'l, Inc., Cause No. 1322-CC10027 (Mo. Cir. Ct. Nov. 27, 2013) [Doc. #42-1]. The state court action was initially removed to this district court, but it was later remanded.

The same attorneys represent the plaintiffs in both cases. Defendant argues that plaintiff's counsel should be disqualified for committing ethical violations and because they cannot serve as class counsel in both pending lawsuits.

## II.     Legal Standard

Attorney disqualification rests in the discretion of the court. Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1154 (8th Cir. 1999) (quoting Harker v. Commissioner, 82 F.3d 806, 808 (8th Cir. 1996)). Motions to disqualify counsel are subject to particularly strict judicial scrutiny given the potential for abuse by opposing counsel. Droste v. Julien, 477 F.3d 1030, 1035 (8th Cir. 2007). This is because "[d]isqualification often results in increased expenses, delay in resolution of the proceedings, and always deprives a party of its choice of counsel." Commonwealth Land Title Ins. Co. v. St. Johns Bank & Trust Co., No. 4:08-CV-1433 (CAS), 2009 WL 3069101, *4 (E.D. Mo. Sept. 22, 2009) (citation omitted). "[T]he extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." Macheca Transp. Co. v. Philadelphia Indem. Ins. Co., 463 F.3d 827, 833 (8th Cir. 2006) (internal quotations and citations omitted). "Disqualification is appropriate where an attorney's conduct threatens to work a continuing taint on the litigation and trial." Gifford v. Target Corp., 723 F. Supp. 2d 1110, 1116 (D. Minn. 2010) (citation omitted). Factors to be considered include a court's "duty to maintain public confidence in the legal profession and its duty to insure the integrity of the judicial proceedings." Id. at 1116-17 (citation omitted). The party seeking disqualification bears the burden of showing that such a sanction is warranted. A.J. by L.B. v. Kierst, 56 F.3d 849, 859 (8th Cir. 1995).

## III.    Discussion

### A. Alleged Ethical Violations

Defendant first contends that plaintiff's counsel have engaged in conduct that violates this Court's ethics rules. Pursuant to Local Rule 12.02, the professional conduct of attorneys practicing in this district is governed by the Missouri Rules of Professional Conduct. E.D. Mo. L.R. 12.02. ("The Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the Supreme Court of Missouri, as amended from time to time by that Court"). The Supreme Court of Missouri adopted the ABA Rules of Professional Conduct (Model Rules) effective January 1, 1986. See Mo. Sup. Ct. R. 4. This Court has determined that the local rule intends to apply the Model Rules. Commonwealth Land Title Ins. Co., 2009 WL 3069101 at *3; see also Harker, 82 F.3d at 807.

Defendant alleges that plaintiff's counsel violated Rule 4-1.4 of the Missouri Supreme Court Rules, which states that "[a] lawyer shall . . . keep the client reasonably informed about the status of the matter" and "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Defendant claims that plaintiff's deposition testimony establishes that he does not understand that a class action has been filed in his name, he is unaware of the existence of two separate proceedings in state and federal court, he does not understand the fee agreement with his counsel, his attorneys do not regularly communicate with him, and his attorneys failed to communicate defendant's settlement offer to him.

Upon review of the deposition transcript, the Court does not agree with defendant's estimation of plaintiff's knowledge and awareness of the status of the two lawsuits and his attorney's actions. See Williams Dep. 159:20, 166:17, 168:25 (testifying he had filed two lawsuits against defendant in total, he had "most copies of most things," and he spoke with his attorneys approximately once a month) [Doc. #42-5]. Also, a motion to disqualify may not be the proper vehicle for addressing an attorney's alleged ethical violations. Williams v. Trans World Airlines, Inc., 588 F. Supp. 1037, 1046, n.4 (W.D. Mo. 1984) (stating that

3

"alleged ethical violations should be left to federal or state disciplinary machinery unless the integrity of the judicial process is threatened"). Further, a potential violation of the Model Rules does not lead to automatic disqualification. See Cent. Milk Producers Co-op. v. Sentry Food Stores, Inc., 573 F.2d 988, 991 (8th Cir. 1978) ("Although the Code of Professional Responsibility establishes proper guidelines for the professional conduct of attorneys, a violation does not automatically result in disqualification of counsel.").

In the case relied upon by defendant, Deadwyler v. Volkswagen of Am., Inc., the court imposed sanctions for plaintiff's counsel's conduct after counsel admitted to failing to transmit settlement offers, admitted that none of the plaintiffs in the certified class had ever extended or defined any authority to settle the case, and made "flagrant misrepresentations" to induce plaintiffs to participate in the action. 134 F.R.D. 128, 138-41 (W.D.N.C. 1991). Here, plaintiff's attorneys assert that they have kept the plaintiff reasonably apprised of the ongoing status of the lawsuit. Also, in a declaration attached to the response to the instant motion plaintiff attests to regular communication with his counsel, including updates as to the progress of class certification, and the deposition transcript does not directly contradict these statements.[1]

In his declaration, plaintiff also states that he had authorized his attorneys to reject settlement offers that fail to account for all damages, fees, and awards he and other similarly situated employees are allowed to recover by law. Williams Decl. Ex. 1, p. 2 [Doc. #44-1]. Plaintiff's counsel claim that defendant's settlement offer did not account for all damages owed to putative class members, plaintiff's total damages, reasonable attorney fees, and plaintiff's incentive fee for serving as the named plaintiff of the class. Based on the scope of authority plaintiff gave to his counsel, they were authorized to reject

---

[1] Defendant challenges the credibility of plaintiff's declaration in its motion to strike, calling it a "sham affidavit." However, the Court finds that the declaration is not plainly inconsistent with plaintiff's deposition testimony in either the federal or state case. Blackwell v. DaimlerChrysler Corp., 399 F. Supp. 2d 998, 1004 (E.D. Mo. 2005) (finding the "sham affidavit rule" only applies if the affidavit is "plainly inconsistent" with prior testimony); see also Schiernbeck v. Davis, 143 F.3d 434, 438 (8th Cir. 1998) (refusing to consider statements in affidavit plainly inconsistent with deposition testimony in a summary judgment motion).

defendant's settlement offer.  See Mo. Sup. Ct. R. 4-1.4 cmt. 2 (stating that "a lawyer who receives from opposing counsel an offer of settlement in a civil controversy . . . must promptly inform the client of its substance unless the client has previously indicated that the proposal will be acceptable or unacceptable or has authorized the lawyer to accept or to reject the offer").

In the other cases relied upon by defendant, the courts disqualified counsel because of serious and substantiated conflicts of interest.  See Sakalowski v. Metron Servs. Inc., No. 4:10-CV-2052 (AGF), 2011 WL 2838129, *4 (E.D. Mo. July 18, 2011) (finding that counsel would likely be called as necessary witnesses and actual parties in the action); Commonwealth Land Title Ins. Co., 2009 WL 3069101 at *5-8 (finding that counsel's representation of defendant would violate a duty of loyalty to a client the firm concurrently represented and would be materially adverse to the opposing party, a former client in a substantially related matter); Gilmore v. Goedecke Co., 954 F. Supp. 187, 190 (E.D. Mo. 1996) (disqualifying counsel based on prejudice to the plaintiff resulting from counsel's communications with plaintiff regarding the subject matter of the lawsuit prior to its filing). "[D]isqualification of counsel is a judicial action which is taken to protect the client.  As one commentator has noted, 'the client is what standards are all about.'"  Black v. Missouri, 492 F. Supp. 848, 865 (W.D. Mo. 1980) (citing Patterson, *Wanted: A New Code of Professional Responsibility*, 63 A.B.A.J. 639, 642 (1977)).  Here, where plaintiff's deposition does not clearly establish an ethical violation that would compromise counsel's ability to competently represent him free of conflict, and plaintiff has signed a declaration attesting to his regular communication with his attorneys and authorization to decline settlement offers that do not account for the damages of putative class members, it would not be in the plaintiff's best interest to disqualify counsel solely based on defendant's allegations regarding the nature of the relationship between plaintiff and his chosen counsel.

    **B.**    **Adequacy of Class Counsel**

Defendant also argues that plaintiff's counsel impermissibly represent two separate classes in different lawsuits against the same defendant.  Defendant relies primarily upon Lou v. Ma Labs, Inc. in asserting that "an attorney who represents another class against the same defendant may not serve as class counsel."  No. C 12-05409 (WHA), 2014 WL 68605, *2 (N.D. Cal. Jan. 8, 2014) (citing Ortiz v. Fibreboard Corp., 527 U.S. 815, 856 (1999)). However, this principle is narrowly premised on the goal of "eliminat[ing] conflicting interests of counsel" in circumstances in which a class or different classes would involve diverse groups with conflicting litigation objectives.  Ortiz, 527 U.S. at 856-57 (analyzing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626-27 (1997)).  "[I]n general, class counsel may represent multiple sets of litigants – whether in the same action or in a related proceeding – so long as the litigants' interests are not inherently opposed."  Sandoval v. Ali, No. C-13-03230 (EDL), 2014 WL 1311776, *10 (N.D. Cal. Mar. 28, 2014) (quoting Newberg on Class Actions § 3:75 (5th ed.) (setting forth examples of impermissible concurrent representation, such as where a limited fund would mean that the recovery of one claimant would cut directly into recovery by another, where substantive law permits recovery by only one or the other set of litigants, where one client is litigating an appeal to a class action settlement in which another client claimed recovery, and where counsel's actions have generated conflicts between class representatives and the class)).

Here, the two pending cases are based upon the same underlying facts, but the legal claims raised are different, the class action mechanisms in FLSA and the Missouri wage and hour statute operate differently, and the relief available under the federal statute and the state statutory and common law claims is different.  Williams v. Central Transport Int'l, Inc., Cause No. 1322-CC10027 (Mo. Cir. Ct. May 19, 2014) [Doc. #42-2].  Moreover, a class has not been certified in either action, so any alleged conflict of interest is inherently speculative.  On that basis, it would be premature for the Court to disqualify counsel at this stage in the proceedings.  The courts in the decisions relied upon by defendant determined the adequacy of class counsel on a fuller record at the class certification stage.  Lou, 2014

6

WL 68605 at *1; Ortiz, 521 U.S. at 591.   "[O]nly client conflicts that are material and presently manifest – rather than merely trivial, speculative, or contingent on the occurrence of a future event – will affect the adequacy of class counsel."  Sandoval, 2014 WL 1311776 at *10 (quoting Newberg on Class Actions § 3.75).   Here, defendant has failed to demonstrate a plausible conflict of interest between the potential class members in the two actions based on the same underlying facts but different legal claims.  When this action reaches the class certification stage, the Court can then review the fairness and adequacy of counsel on a more complete record.

* * *

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to disqualify plaintiff's counsel [Doc. #42] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion to strike the declaration of Glenn Williams [Doc. #59] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2014.