UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLENN WILLIAMS, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:13-CV-2009 (CEJ) |
| CENTRAL TRANSPORT INTERNATIONAL, INC., ) ) ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to compel plaintiff to supplement its responses to defendant's first set of interrogatories, requests for production of documents, and requests for admission. Plaintiff has filed a response in opposition, and the issues are fully briefed. As a threshold matter, plaintiff asserts that the instant motion is procedurally deficient because defendant has failed to comply with Rule 37 of the Federal Rules of Civil Procedure. Rule 37(a)(1) requires that a party moving for an order compelling discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Similarly, Local Rule 37-3.04 requires discovery motions to include a statement that movant's counsel conferred in good faith with opposing counsel, but that a resolution could not be agreed upon. Defendant has not met these requirements.

On August 22, 2014, defendant propounded its first set of interrogatories, requests for production, and requests for admission in this action. Plaintiff served

1

its responses on September 24th. Per the existing case management order, defendant had 15 days, or until October 9th, to file any motions relating to that discovery. On October 6th, the parties held a telephone conference regarding discovery in a state lawsuit arising from the same underlying facts, but with different legal claims. In the state proceeding, defense counsel had provided plaintiff's counsel with a 9-page long letter outlining the perceived deficiencies in plaintiff's discovery responses to the state discovery requests. In the parties' October 6th phone conference and follow-up email exchange, defendant noted that it also had "mostly the same issues" with the federal discovery. E-mail from Sheena Hamilton, Def.'s Counsel, to Michael Kruse, Pl.'s Counsel (Oct. 6, 2014, 02:48 P.M. CST) [Doc. #63-1]. Upon defendant's request, plaintiff consented to a 14-day extension of the deadline for defendant to file discovery motions, or until October 22nd, on the condition that the parties would use the additional time to engage in good faith attempts to expediently resolve the issues that defendant intended to raise pertaining to the federal discovery. E-mail from Kruse to Hamilton (Oct. 6, 2014, 05:03 P.M. CST) [Doc. #63-1].

On October 20, 2014, two days before the extension deadline, defense counsel called and left a voice message for plaintiff's counsel, asking whether plaintiff intended to provide supplemental discovery responses in this case as it had in the state action. Plaintiff's counsel responded the next day by email, stating that they remained open to discussing and resolving any potential issues regarding plaintiff's discovery responses, but had not received any indication of defendant's positions on the responses it believed required supplementation. Defense counsel again replied by stating that "the issues with the state and federal discovery are by

2

and large the same." E-mail from Hamilton to Kruse (Oct. 21, 2014, 03:01 P.M. CST) [Doc. #63-2]. Plaintiff's counsel responded by stating that the state and federal matters "are separate actions and should be treated as such to prevent any confusion between the actions . . . . The cases are a[t] different stages of litigation and although there are similarities between the discovery requests and responses in both actions, they are not identical." E-mail from Kruse to Hamilton (Oct. 22, 2014, 02:48 P.M. CST) [Doc. #63-2]. Plaintiff also stated that it would not agree to an additional extension of time to file discovery motions, since defendant had failed to provide information regarding its perceived deficiencies in the federal matter during the first extension of time. Defendant proceeded to immediately file the instant motion.

The meet-and-confer requirement is "not an empty formality." Robinson v. Napolitano, No. Civ. 08-4084 (VLD), 2009 WL 1586959, *3 (D.S.D. 2009). "Good faith" requires "a genuine attempt to resolve the discovery dispute through non-judicial means," and "conferment" requires the parties "to have had an actual meeting or conference." Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 171 (D. Nev. 1996). Therefore, prior to filing a motion to compel, "a moving party must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." Id. Unilateral communication demanding that the other side comply with a discovery request does not satisfy the requirement. Id. at 172; see also Alexander v. Federal Bureau of Investigation, 186 F.R.D. 197, 198-99 (D.D.C. 1999) (stating that calling opposing counsel and leaving a vague message two hours before filing the discovery motion does not

satisfy the meet-and-confer requirement). Nor is the requirement satisfied by communication in which a party indicates a motion to compel will be filed if the opposing party does not comply with discovery requests. Bolger v. District of Columbia, 248 F.R.D. 339, 343-44 (D.D.C. 2008).

Despite plaintiff's counsel's requests for information, defense counsel failed to clearly indicate the issues it had with plaintiff's produced discovery in this case. Cf. Kirschenman v. Auto-Owners Ins., 280 F.R.D. 474, 479 (D.S.D. 2012) (finding a good faith effort to meet and confer when, over the course of 17 months, plaintiffs' counsel wrote, emailed, or called defense counsel 12 times attempting to work out the parties' differences and, at defense counsel's request, wrote a seven-page letter itemizing and explaining the issues disputed); RLI Ins. Co. v. Conseco, Inc., 477 F. Supp. 2d 741, 745-46 (E.D. Va. 2007) (finding the movant had satisfied the meet-and-confer requirement by offering several suggestions for compromise by letter and phone, and by supplying the resisting party with a list of specific questions the movant would be seeking to compel). Defense counsel instead repetitively insisted that the discovery issues in the state and federal cases were substantially similar, even though the cases involve different legal claims and are at different stages in their proceedings.

In very limited circumstances, courts have excused a moving party's failure to satisfy the meet-and-confer requirement. In those instances, the courts typically had before them a longstanding record of the opposing party's refusal to comply with both the plaintiff's requests and the court's orders to produce certain discovery. See Bolger, 248 F.R.D. at 343-44; Oleson v. Kmart Corp., 175 F.R.D. 570, 571 (D. Kan. 1997) (excusing the movant's failure to meet and confer before

4

filing a motion to compel where it was apparent to the court that based on the number and tenor of discovery disputes that were the subject of the motion, it was unlikely the parties would have resolved their differences). Courts do not intervene if the opposing party has timely addressed concerns of the moving party. Robinson, 2009 WL 1586959 at *4 (refusing to grant relief under Rule 37 because every time the parties had conferred, plaintiff addressed the defendant's concerns and provided additional information).

Here, when defendant met and conferred with plaintiff as to its discovery responses in the state proceeding, plaintiff timely served its supplemental responses. Plaintiff asked defendant on multiple occasions to clarify the issues it had with the federal discovery in a likewise detailed manner, which defendant failed to do. Plaintiff's counsel indicated its willingness to provide supplemental information upon detailed request through and until the extended two-week deadline, on which defense counsel opted to instead file this motion to compel. The purpose of the meet-and-confer requirement is to "force litigants to attempt to resolve, or at least narrow, the disputed issues to prevent the unnecessary waste of time and effort on any given motion." Alexander, 186 F.R.D. at 199. By failing to confer with opposing counsel in good faith, defense counsel has unnecessarily wasted the parties' and this Court's time. The parties are admonished to communicate in good faith to resolve any future discovery disputes before requesting judicial intervention.

\* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendant's motion to compel plaintiff to supplement its responses to its first set of interrogatories, requests for production of documents, and requests for admission [Doc. #58] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of November, 2014.